**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMRAN SHAMS, | No. 11-71386 |
| Petitioner, | |
| v. | Agency No. A029-807-991 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2014
Pasadena, California

Before: PREGERSON, WARDLAW, and BERZON, Circuit Judges.

Imran Shams ("Shams"), a native and citizen of Pakistan, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming the

Immigration Judge's ("IJ") denial of withholding of removal and protection under

the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8

U.S.C. § 1252. Because the IJ and the BIA erred by failing to properly consider all

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of the evidence in the record, we grant the petition and remand for further proceedings.

**1.** Substantial evidence does not support the agency's denial of withholding of removal for failure to demonstrate an objectively reasonable fear of future persecution. In reaching its conclusion, the agency ignored evidence from Shams's expert witness, Professor Shaul Gabbay, that Shams was highly likely to be in danger if returned to Pakistan. Professor Gabbay testified that it was very likely that Shams, who has lived in the United States for an extended period of time, would be suspected of being an American spy. He reported that the "most extreme punishment is meted out" to people considered to be spies. Moreover, Professor Gabbay testified that because Shams is Pakistani, suspicion against him will be much greater than against most Americans. Professor Gabbay noted that Pakistan is a tribal, conservative country where a person like Shams cannot "just blend and hide." Rather, everyone will know that he has been living in the United States for nearly twenty-five years, making him a target.

The IJ acknowledged that Islamist militant groups execute people they accuse of being spies. The IJ noted Professor Gabbay's testimony that Shams was especially at risk of persecution because he may be suspected of being an American spy. Yet, the IJ concluded, without additional comment, that there was

2

"*no* evidence to suggest that natives of Pakistan who have lived in the United States for an extended period of time face any threat to their life or freedom." The IJ provided no explanation for disregarding Professor Gabbay's uncontroverted testimony, which was supported by the country conditions report. The agency erred by failing to provide a reason for disregarding the potentially dispositive testimony of an expert witness. *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011).

Furthermore, the BIA erroneously determined that the IJ concluded that Professor Gabbay's testimony was insufficient to demonstrate eligibility for withholding of removal "given that the country conditions materials in the record do not adequately address how Pakistanis who return after living in the United States . . . for an extended period of time are treated." The IJ did not conclude that Professor Gabbay's testimony was insufficient; rather, the IJ acknowledged Professor Gabbay's testimony, and then ignored it without explanation.

Even assuming that the IJ concluded that Professor Gabbay's testimony was insufficient, that finding is not supported by substantial evidence. The country conditions evidence suggests that militant groups target people they accuse of being American spies. Professor Gabbay testified that Shams will likely be suspected of being an American spy because he has lived in the United States for

nearly twenty-five years. The agency failed to explain how the country conditions report contradicted Professor Gabbay's testimony. Although the agency is not required to take Professor Gabbay's testimony as true, it must reasonably consider his highly probative and potentially dispositive testimony.[1] *See id.* Because it did not, we grant the petition for review on Shams's withholding of removal claim, and remand to the BIA to properly consider Professor Gabbay's uncontradicted, expert testimony.

**2.** Similarly, because the agency failed to consider "all evidence relevant to the possibility of future torture," 8 C.F.R. § 1208.16(c)(3), we grant Shams's petition for review on his CAT claim, and remand to the agency for further proceedings. The BIA affirmed the denial of CAT relief "for the reasons stated by the immigration judge." The IJ, however, erroneously denied Shams's CAT claim because the claim depended on the same evidence as Shams's withholding claim.

As with its withholding of removal analysis, the agency failed to provide any reason for rejecting Professor Gabbay's testimony in relation to Shams's CAT claim. The agency was required to "state[ ] reasons in the record why the [expert]

---

[1] The government contends that Shams's argument is a dispute over the weight given to the evidence. Under substantial evidence review, we may not reweigh evidence. *Singh v. I.N.S.*, 134 F.3d 962, 969 n.14 (9th Cir. 1998). But Shams does not argue that this court should reweigh the evidence; rather, he argues that the agency failed to weigh the evidence at all, and we agree.

testimony was insufficient to establish the probability of torture necessary to grant CAT relief." *Cole*, 659 F.3d at 772 (internal quotation marks omitted). Because the agency "failed to give reasoned consideration to the potentially dispositive testimony" of expert witness Professor Gabbay, we must grant the petition for review, and remand to the agency to reconsider Shams's CAT claim with appropriate consideration of the expert testimony. *Id.* at 773.

**GRANTED and REMANDED.**